ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 5:17CR333 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge John R. Adams |
| TROY BANKHEAD, ) | |
| ) | ORDER |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Troy Bankhead's motion for compassionate release. Specifically, Bankhead filed a pro motion for compassionate release on June 2, 2020. Doc. 494. The Court appointed counsel and an amended motion for compassionate release was filed on July 17, 2020. Doc. 502. On July 22, 2020, the Government opposed the amended motion. Doc. 504. On August 17, 2020, Bankhead's counsel replied in support of his amend motion and filed supplement to the motion. Bankhead's pro se motion is DENIED AS MOOT. Bankhead's amended motion is DENIED.

COVID-19 is an abbreviation for the novel coronavirus disease of 2019, a respiratory illness that spreads easily and sustainably in the community through respiratory droplets produced when an infected person coughs or sneezes. See Centers for Disease Control and Prevention Coronavirus Disease 2019 Frequently Asked Questions, https://www.cdc.gov/coronavirus/ 2019-ncov/faq.html#How-COVID-19-Spreads (last visited April 24, 2020). The novel coronavirus of 2019 is a serious disease, ranging from no symptoms or mild ones for people at low risk, to respiratory failure and death in older patients and patients with chronic underlying

conditions. *Id*. The virus has been detected in asymptomatic persons, and its incubation period is believed to be up to fourteen days in duration. *Id*.

Currently, there is no vaccine to prevent COVID-19, nor is there antiviral medication that can treat it. *Id.* According to the CDC, "[t]he best way to prevent illness is to avoid being exposed to the virus." *Id*. The CDC recommends, among other things, that people clean their hands often or use hand sanitizer when soap is unavailable, avoid close contact with other people (at least six feet in distance), and clean and disinfect frequently touched surfaces daily, such as tables, doorknobs, light switches, and countertops. *Id*. The CDC also recommends that if an individual becomes sick, he or she should isolate from others by staying in a specific sick room and using a separate bathroom if possible. *Id*.

The CDC has also indicated that certain classes of individuals are at higher risk for developing severe illness if exposed to the novel coronavirus of 2019. *Id*. Older adults – 65 or older – and people suffering from underlying medical conditions such as moderate to severe asthma, chronic lung disease, serious heart disease, severe obesity, diabetes, liver disease, kidney disease or people who are immunocompromised such as those who are undergoing cancer treatment, smokers, bone marrow or organ transplant recipients or donors, people with immune deficiencies, poorly controlled HIV or AIDS sufferers and those who have prolonged use of corticosteroids and other immune weakening medications are at higher risk of developing serious illness if they are exposed to COVID-19. *Id*.  Additionally, the CDC reports that "[a]pproximately 90% of hospitalized patients identified ... had one or more underlying conditions, the most common being obesity, hypertension, chronic lung disease, diabetes mellitus, and cardiovascular disease." *Id*.

The sentencing court has no inherent authority to modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Rather, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 858 (6th Cir. 2001)). Title 18 U.S.C. § 3582(c)(1)(A) provides that courts may "reduce [an inmate's] term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)" where "extraordinary and compelling reasons warrant [release]," or the prisoner's age and other factors make release appropriate. 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Bureau of Prisons ("BOP") could move a district court under § 3582(c)(1)(A) for the compassionate release of a federal prisoner. On December 21, 2018, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to directly petition courts for compassionate release. The amendment provides prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt . . . of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A). No exceptions to the exhaustion requirement are listed in the statute. The parties agree that Bankhead has exhausted his administrative remedies, therefore the Court will address the merits of his request.

Bankhead's argument was initially premised on his belief that he was considered vulnerable under the CDC guidelines because he is obese and has high cholesterol. Bankhead's supplement slightly modified his argument based upon the fact that he has now tested positive for COVID-19. As noted above, this Court may "not modify a term of imprisonment once it has been

imposed" unless specifically authorized to do so by section 3582(c). This Court may grant compassionate release if, after considering the factors in 18 U.S.C. § 3553(a), it determines that "extraordinary and compelling reasons" warrant a reduced sentence and that "such a reduction is consistent with applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(1)(A)(i). The relevant governing policy statement provides that this Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. §1B1.13.

The application note to U.S.S.G. §1B1.13 further defines the "extraordinary and compelling circumstances" required to merit consideration for compassionate release:

> Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is--
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.--

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. --As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13 (Application Note 1). Assuming that the pandemic is a proper foundation, Bankhead cannot satisfy the initial prong of review – "Provided the defendant meets the requirements of subdivision (2)." Subdivision 2 notes that compassionate release cannot be ordered unless "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

On December 6, 2017, Bankhead pled guilty to Count One of the indictment that charged that on or about August 26, 2016 through on or about February 15, 2017, Bankhead along with 16 others committed the offense of Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base in violation of U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). Within his plea agreement, Bankhead admitted that he was responsible for between 500 and 2000 grams of cocaine. The government, however, filed an information to establish a prior conviction under 21 U.S.C. § 851 creating a mandatory minimum sentence of 120 months. The Court imposed the

mandatory minimum sentence on April 19, 2018.

As the Government's notice of prior conviction makes clear, this conviction was far from Bankhead's first serious offense.  In 1989, at the age of 19, Bankhead was convicted of simple assault.  One year later, Bankhead was convicted of theft and receiving stolen property.  In 1995, Bankhead was convicted of attempted drug abuse for his possession of cocaine in less than a bulk amount. In 1996, he was convicted of attempted aggravated assault. The presentence report described Bankhead's conduct as follows: "According to a Cuyahoga County Case Information Form, on 09/24/1996, the defendant did knowingly attempt to cause physical harm to Monique McGraw (the mother of his child) by dragging her by her hair, also loosening lug nuts on her vehicle, causing the victim to have an accident." Doc. 255 at 10-11.  Despite this conduct, Bankhead received a suspended sentence.  He was not successful in completing probation, however, and ultimately served a two-year sentence.  This sentence did not serve to deter his conduct.

In 2002, Bankhead was convicted of possession of drugs.  "According to the Indictment, on or about July 14, 2001, the defendant did knowingly obtain, possess, or use a controlled substance, to-wit: Crack Cocaine, a Schedule II drug, in an amount equal to or exceeding twenty-five grams but less than one hundred grams." Doc. 255 at 11.  Also in 2002, Bankhead was convicted of felonious assault on a peace officer, failure to comply, and aggravated vehicular assault.  For all his 2002 convictions, Bankhead received an aggregate sentence of 3 years in prison.  Bankhead's second multiyear term of imprisonment also failed to stop his criminal conduct.  In 2008, he received a suspended sentence for domestic violence.

Bankhead's history indicates that his release now would create an immediate danger to the

community. Bankhead has consistently engaged in criminal conduct that includes both drugs and violence since the age of 19. He has shown a propensity for violence that affects those involved in his life, the mother of his child, and those in law enforcement. He has also demonstrated that both a two-year and a three-year term of incarceration were insufficient to deter his criminal conduct. Currently, Bankhead has been in custody for three years and two days. As such, there is nothing in his history to suggest that the term he has served is sufficient to have either rehabilitated him or convinced him to stop engaging in criminal conduct. Accordingly, the Court finds that Bankhead would be a danger to the community if he were released. As a result, he cannot satisfy the requirements for compassionate release. Bankhead's motion is DENIED.

IT IS SO ORDERED.


September 11, 2020 /s/John R. Adams
Date JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE